IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02605-BNB

TROY LEE GALINDO,

    Plaintiff,

v.

PSYCHIATRIST DR. LAMPELA,
CASEMANAGER MR. BURBANK,
CM III OLSON,
WARDEN TRANE, and
BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY, COLORADO
    (through the Summit County Jail),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Troy Lee Galindo, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Galindo has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.

    The court must construe the Prisoner Complaint liberally because Mr. Galindo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Galindo will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint is deficient because the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Galindo fails to provide a short and plain statement of his claims showing that he is entitled to relief and he fails to provide a clear statement of the relief he seeks. It is not clear why Mr. Galindo is suing the named Defendants in this court in this action or what relief he seeks from the Defendants. In short, the Prisoner Complaint makes no sense. Therefore, Mr. Galindo must file an amended complaint if he wishes to pursue any claims in this action.

Mr. Galindo is advised that he must identify, clearly and concisely and in plain

language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Alexander also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Galindo should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Finally, Mr. Galindo also has filed a document titled "Motion – Order" (ECF No. 9), a Motion for Claims Against Third-Party for Coercion Pursuant to FRCP – 14(3)" (ECF No. 10), and a document titled "Service for Production fo Documentary Evidence Pursuant to FRCP 26(A)-(ii), and (f)" (ECF No. 8) that has been docketed as a motion.

These motions, like the Prisoner Complaint, do not provide a clear statement of the relief Mr. Galindo is seeking and do not make any sense.  Therefore, the motions will be denied.  Accordingly, it is

ORDERED that Mr. Galindo file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Galindo shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Galindo fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the "Motion – Order" (ECF No. 9), Motion for Claims Against Third-Party for Coercion Pursuant to FRCP – 14(3)" (ECF No. 10), and "Service for Production fo Documentary Evidence Pursuant to FRCP 26(A)-(ii), and (f)" (ECF No. 8) are DENIED without prejudice.

DATED October 23, 2012, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge