IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02605-BNB

TROY LEE GALINDO,

    Plaintiff,

v.

PSYCHIATRIST DR. LAMPELA,
CASEMANAGER MR. BURBANK,
CM III OLSON,
WARDEN TRANE, and
BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY, COLORADO
    (through the Summit County Jail),

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Troy Lee Galindo, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Galindo initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  On October 23, 2012, Magistrate Judge Craig B. Shaffer ordered Mr. Galindo to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if he wishes to pursue his claims in this action.  On November 5, 2012, Mr. Galindo filed an amended Prisoner Complaint (ECF No. 15).

The Court must construe the amended Prisoner Complaint liberally because Mr. Galindo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the amended

Prisoner Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint does not correct the deficiencies identified by Magistrate Judge Shaffer and does not comply with the pleading requirements of Rule 8. As Mr. Galindo was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Shaffer determined that Mr. Galindo's original Prisoner Complaint did not comply with the pleading requirements of Rule 8 because Mr. Galindo failed to provide and short and plain statement of his claims showing that he is entitled to relief and he failed to provide a clear statement of the relief he seeks. More specifically, Magistrate Judge Shaffer stated that it was not clear why Mr. Galindo is suing the named Defendants in this Court in this action or what relief Mr. Galindo seeks from the Defendants. Magistrate Judge Shaffer specifically advised Mr. Galindo that, in order to comply with Rule 8, "he must identify, clearly and concisely and in plain language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights." (ECF No. 12 at 2-3.)

Mr. Galindo makes little, if any, effort in the amended Prisoner Complaint to correct the pleading problems identified by Magistrate Judge Shaffer. It still is not clear what specific claims for relief Mr. Galindo is asserting, the specific factual allegations that support each asserted claim, against which Defendant or Defendants each claim is being asserted, or what any of the named Defendants did that allegedly violated Mr. Galindo's rights. For example, the Court will quote without alteration or correction Mr. Galindo's allegations in support of his first claim for relief, which is titled "Intentional Tort Negligence." Those allegations are the following:

> 1.  Pursuant to Fed.R.Civ.P. 7.(1), defendant(s) – conduct is controlled by law or regulation activities and failure to exercise due care is determined by reasonable person standard.
>
> 2.  Defendant(s), has or have cooperated among agents who lead fractious decisionmaking because of a malfeasance law suit.  And soughtout a consternation strain so plaintiff would not seek prosecution, or the credence that would stop plaintiff from causing trouble.
>
> 3.  Unjust etiquettes has distinctively caused unfair transgress to plaintiff's privacy.
>
> 4.  Willful lax of official functions are the reasons for continuing offenses.  Specifically, that include unfair infliction determined by situation.
>
> 5.  To be free from infringement, party(s) must intervene foreseeability wrongs or prove that undermining obligations was never controvene.

(ECF No. 15 at 8.)  Although the Court will not specifically address each claim in the amended Prisoner Complaint, the Court notes that Mr. Galindo similarly fails to provide a short and plain statement of any claim for relief in the amended Prisoner Complaint.

In short, the amended Prisoner Complaint, like the original Prisoner Complaint, makes no sense.  Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that the "Motion for Leave to Proceed Pursuant 28 U.S.C. § 1915" (ECF No. 13) and the "Amended Motion Pursuant to Fed. R. Civ. P. 15(d), (b) Allegations Joinder of Defendants" (ECF No. 14) are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of    November   , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court